IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 AUG 25 PM 2: 19

CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| vs. | * | Criminal No. 00-20159-D |
| DAPHNE HOUSEAL, | * | |
| Defendant. | * | |

---

## PRELIMINARY ORDER OF FORFEITURE

---

In Superseding Indictment Number 00-20159-D, the United States sought forfeiture of specific property of defendant Daphne Houseal, pursuant to 21 U.S.C. § 853. On January 26, 2001, the defendant, Daphne Houseal, entered a plea of guilty to Count 1 and agreed to forfeiture of property under Count 8 of the Superseding Indictment. Accordingly, it is **ORDERED**:

1. Based upon the defendant's guilty plea to Count 1 and agreement to forfeiture of property under Count 8 of the Superseding Indictment Number 00-20159-D, the United States is authorized to seize the following property belonging to defendant Daphne Houseal and his interest in it is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. §853(n) and Rule 32(d)(2) of the Federal Rules of Criminal Procedure:

Currency as follows:

    1)     Six thousand forty-four dollars ($6,044.00) in United States currency seized from the purse of the defendant incident to her arrest on

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on _____



August 23, 2000;

2)   Eight thousand four hundred dollars ($8,400.00)
      seized by the Drug Enforcement Administration
      (DEA) from attorney John Wesley Hall at the
      Memphis DEA Resident Office on August 24, 2000.

All pursuant to Title 18, United States Code, Section 2253.

2.   The forfeited property is to be held by the United States Marshal in his

secure custody, or, as may be necessary, the Attorney General may appoint a substitute

custodian.

3.   Pursuant to 21 U.S.C. §853(n)(1), the United States Marshal shall publish at

least once a week for three successive weeks in a newspaper of general circulation in

Shelby County, Tennessee, notice of this order, notice of the United States' intent to

dispose of the property in such manner as the Attorney General or his delegate may direct,

and notice that any person, other than the defendant, having or claiming a legal interest

in any of the above-listed forfeited property must file a petition with the court within thirty

(30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the

petitioner's alleged interest in the property, shall be signed by the petitioner under penalty

of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest

in each of the forfeited properties and any additional facts supporting the petitioner's claim

and the relief sought.  The United States Marshal or his delegate may use the attached

Legal Notice.

The United States may also, to the extent practicable, provide direct written notice

to any person known to have alleged an interest in property that is the subject of this

2

Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

4.      Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

5.      If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6.      The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. §853(n)(2), which is incorporated by 18U.S.C. §982(b) and 28 U.S.C. §2461(c), for the filing of third party petitions.

7.      The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this _24_ day of _August_ _____, 2005.

BERNICE B. DONALD
United States District Judge

PRESENTED BY:

TERRELL L. HARRIS
United States Attorney

By: _____

CHRISTOPHER E. COTTEN
Assistant United States Attorney

3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,          *

            Plaintiff,                          *

vs.                                                *          Criminal No. 00-20159-D

DAPHNE HOUSEAL,                      *

            Defendant.                        *

---

## LEGAL NOTICE

---

Take notice that on *August 24, 2005*, the United States District Court for the Western District of Tennessee, Western Division, entered a Preliminary Order of Forfeiture ordering that all right, title and interest of the defendant Daphne Houseal in the following property be forfeited to the United States to be disposed of in accordance with law:

1)    Six thousand forty-four dollars ($6,044.00) in United States currency seized from the purse of the defendant incident to her arrest on August 23, 2000;

2)    Eight thousand four hundred dollars ($8,400.00) seized by the Drug Enforcement Administration (DEA) from attorney John Wesley Hall at the Memphis DEA Resident Office on August 24, 2000.

All pursuant to Title 18, United States Code, Section 2253.

The United States intends to dispose of this property in such matter as the Attorney General or his delegate may direct. Any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the

Court within thirty (30) days of the final publication of this notice or of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and relief sought.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 456 in
case 2:00-CR-20159 was distributed by fax, mail, or direct printing on
August 29, 2005 to the parties listed.

---

Daniel J. Mickiewicz
LAW OFFICES OF DANIEL J. MICKIEWICZ
147 Jefferson Ave.
Ste. 900
Memphis, TN 38103

Kemper B. Durand
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Thomas L. Parker
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Memphis
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Christopher E. Cotten
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT